| | | |
|---|---|---|
| **CLAYTON ROBINSON, JR.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **No. 08 C 3105** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | **Judge Nan R. Nolan** |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER[1]

Plaintiff Clayton Robinson, Jr. filed an action seeking review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. 42 U.S.C. §§ 416, 423(d), 1381a. On February 11, 2009, the court remanded the case to the Administrative Law Judge ("ALJ") for further evaluation. Mr. Robinson now seeks to recover his attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), arguing that the Commissioner's position in defending the decision of the ALJ was not "substantially justified." For the reasons set forth here, the application for fees is granted.

## BACKGROUND[2]

Mr. Robinson applied for SSI on February 24, 2006, claiming that he became disabled on January 1, 2005 due to an injured right arm. The Social Security Administration ("SSA") denied his application initially and on reconsideration. Following a hearing on August 15, 2007, the ALJ denied Mr. Robinson's claim for benefits, finding that he retains the residual functional capacity ("RFC") to perform his past work as a chicken farm laborer. The SSA Appeals Council denied Mr.

---

[1]     The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

[2]     This order presumes familiarity with the court's February 11, 2009 Memorandum Opinion and Order, Docket No. 27.

Robinson's request for review, so Mr. Robinson sought review of the Commissioner's decision before this court under 42 U.S.C. § 405(g). Mr. Robinson argued that the ALJ (1) erred by giving controlling weight to Dr. Alexander Panagos's report without properly crediting his own testimony; and (2) violated SSR 82-62 in finding him capable of returning to his past work.

The court determined that the ALJ properly relied on Dr. Panagos's report, which supported a finding that Mr. Robinson is capable of performing light work. The court also found that the ALJ's assessment of of Mr. Robinson's credibility was not "patently wrong." The ALJ erred, however, in concluding that Mr. Robinson can return to his past work as a chicken farm laborer, which is ordinarily classified as medium work requiring the use of two hands. The court remanded the matter to the ALJ for further development of the record on this issue.

On February 20, 2009, Mr. Robinson filed a timely application for fees in the amount of $5,137.50. *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). The Commissioner objects that Mr. Robinson is not entitled to any fees because the government's position was substantially justified.

### DISCUSSION

**A.    Standard of Review**

Under the EAJA, a court may award attorneys' fees to a prevailing party in a civil suit against the government if the government's position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A). It is undisputed that Mr. Robinson has prevailing party status. *Schaefer*, 509 U.S. at 300. Thus, the only issue is whether the government's position was substantially justified; that is, whether it was "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The Seventh Circuit has held that "substantial justification" is demonstrated when the government's position is grounded in "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the theory propounded." *Conrad v. Barnhart*, 434 F.3d

2

987, 990 (7th Cir. 2006).  *See also Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009).  In making a substantial justification determination, a court should consider both the government's litigation and pre-litigation conduct.  *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006).  Merely prevailing in a lawsuit against the government does not automatically entitle a party to fees under the EAJA.  However, the government bears the burden of establishing that its position was substantially justified.  *Bricks, Inc. v. U.S. E.P.A.*, 426 F.3d 918, 922 (7th Cir. 2005); *Dickerson v. Astrue*, No. 06-988-DRH, 2009 WL 806617, at *2 (S.D. Ill. Mar. 26, 2009).

**B.    Analysis**

In objecting to an award of fees, the Commissioner first stresses that Mr. Robinson has filed 12 applications seeking benefits, and has been found "not disabled" on numerous occasions.  (Def. Resp., at 3.)  Not surprisingly, the Commissioner has not cited a single case suggesting that prior disability determinations are relevant to the question of substantial justification in subsequent proceedings.  The court declines to make such a finding here.

Nor does the court find substantial justification in the fact that Mr. Robinson's medical history showed no significant change from 1987 until he started working at the chicken farm in 2004. Regardless of any change, it is undisputed that Mr. Robinson at all times lacked full use of one hand and arm, and that Dr. Panagos found him capable of only light work.  Mr. Robinson's previous employer apparently allowed him to do his job at the light level, but it seems highly unlikely that other chicken farm employers would do the same.  *See Smith v. Barnhart*, 388 F.3d 251, 253 (7th Cir. 2004) ("The issue is not whether the applicant for benefits can return to the precise job he held, which is hardly likely to have been kept open for him, but whether he can return to a 'job' he held that exists at other employers.")  Yet the ALJ assumed, without any evidence or testimony from the vocational expert, that Mr. Robinson can secure another medium-level chicken farm laborer job despite being limited to light work.  Significantly, the ALJ did not inquire about the availability of

chicken farm laborer jobs that are classified as light, or determine whether there are a significant number of light jobs in different industries available to someone with Mr. Robinson's RFC.

The Commissioner finally suggests that an award of fees is inappropriate here because the court "supported many of the ALJ's findings." (Def. Resp., at 5.) As one court recently explained, however, "th[e] strategy of tallying successful arguments as a substantive argument for substantial justification is disfavored by courts within this circuit." *Harris v. Astrue*, No. 2:06-CV-222-PRC, 2008 WL 410577, at *4 (N.D. Ind. Feb. 11, 2008) (citing *Brown v. Barnhart*, No. 00 C 816, 2002 WL 1377440, at *3 (N.D. Ill. June 24, 2002) and *Mallette v. Sullivan*, No. 87 C 4873, 1990 WL 19894 (N.D. Ill. Feb. 15, 1990)). *See also Bailey v. Barnhart*, 473 F. Supp. 2d 842, 846 (N.D. Ill. 2006) ("[I]t would be unreasonable to require a plaintiff to prevail on every argument raised in the litigation, given that she may raise alternative theories in support of a particular result.") The mere fact that only some of Mr. Robinson's arguments proved persuasive is not evidence that the Commissioner's position was substantially justified. *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004) ("[T]he district court is to make only one determination for the entire civil action.")

## CONCLUSION

For the reasons stated above, Mr. Robinson's application for fees under the EAJA is granted in the amount of $5,137.50.

ENTER:

Dated: May 4, 2009

_Nan R. Nolan_
NAN R. NOLAN
United States Magistrate Judge